UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MITCHELL EASTMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-1880** |
| **EL SHADDA, INC. ET AL.** | **SECTION: "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Mitchell Eastman's "Motion to Remand" the case to Civil District Court for the Parish of Orleans is **DENIED**. (Document #3.)

### I. BACKGROUND

On December 6, 2004, Mitchell Eastman was involved in a multi-car accident on Interstate 10 in Orleans Parish. Charles Goodwin, an employee of El Shadda, Inc. (El Shadda), was operating an eighteen wheeler when he struck a vehicle operated by James Miller. Eastman alleges that Miller's car began a chain reaction that ended when Lamonte George[1] struck Eastman's vehicle. Eastman alleges that Goodwin was negligent in operating his vehicle at an excessive rate of speed, and his conduct resulted in a loss of control of the vehicle. He also

---

[1] George is incorrectly named by the plaintiff as George Lamonte.

alleges that George failed to take evasive action to avoid striking Eastman's vehicle.

Eastman filed a petition for damages in Civil District Court for the Parish of Orleans against El Shadda as *respondeat superior*; Goodwin; National Specialty Insurance Company (National), El Shadda's insurer; and George.  El Shadda, Goodwin and National removed the case to federal court based on diversity jurisdiction.  Eastman is a citizen of Mississippi, El Shadda is a Georgia corporation, Goodwin is a citizen of Georgia, National is a Texas corporation, and George is a citizen of Louisiana.  Eastman filed a motion to remand.

## II. DISCUSSION

**A.  Legal standard**

"Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court."  Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000) (citing 28 U.S.C. § 1441(a)).  Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."   "District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is diversity between all parties."  Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (citing 28 U.S.C. § 1332).

**B.  Claim against Lamonte George**

Eastman contends that removal was improper under 28 U.S.C.§ 1441(b) because George[2] is a citizen of the State of Louisiana and may not remove the action.[3]  Section 1441(b) provides in relevant part:

> Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The defendants agree that § 1441(b) prohibits a Louisiana citizen from removing a case from a Louisiana state court, but argue that George's citizenship should be disregarded because he is fraudulently joined.  The defendants argue that there is no reasonable basis for a claim that George caused the accident or caused Eastman's injuries.[4]

Improper joinder may be established in two ways:  "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)[5] (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)).  The test to

---

[2]   It is unclear whether George has been served.  Notwithstanding, diversity depends on the citizenship of named parties, not whether they have been served.  See Pullman Co. v. Jenkins, 59 S.Ct. 347, 350 (1939).

[3]   Eastman does not argue that the parties are not diverse or that the amount in controversy is less than $75,000.

[4]   The defendants filed an alternative request to defer action on the motion to remand the permit further discovery.  The court finds that further discovery is not appropriate or necessary for the disposition of the motion to remand.

[5]   In Smallwood, the Court of Appeals *en banc* adopted the term "improper joinder" as more consistent with the statutory language than "fraudulent joinder."  385 F.3d at 571 n.1.

determine whether the plaintiff is able to establish a cause of action against the non-diverse party is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id.  A court may predict whether the plaintiff has a reasonable basis of recovery under state law by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Id.  "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Id.  A "mere theoretical possibility of recovery under local law" does not preclude a finding of improper joinder.  See Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 n.4 (5th Cir. 2000).  In a case "in which the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the court may "pierce the pleadings and conduct a summary inquiry." Smallwood v. Illinois Central Railroad Co., 385 F.3d at 573.  "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. at 573-74.

      The court determines that it is appropriate to consider the facts recorded in the New Orleans Police Department's accident report, which were omitted from the pleadings and would preclude recovery against George.  Goodwin stated that he was driving the 18-wheeler in the center lane when an unknown vehicle struck his rig and caused him to strike other vehicles.  Eye witnesses told the investigating officer that Goodwin was traveling at a high rate of speed when traffic slowed to allow a disabled taxi to pull to the side of the road, and struck several vehicles

before "plowing into" James Miller's white Acura.

Eastman reported to the officer that he was driving in the left lane when Goodwin "sideswiped" his vehicle and another vehicle driven by Dina Holifield, causing both vehicles to spin out of control. Eastman's car traveled approximately 30 feet after impact and came to a stop in a grassy area on the median.

George reported to the officer that he was traveling in front of the 18-wheeler and was tapped in the rear by Miller's vehicle. George's rented vehicle received no damage and came to a stop on the roadway. The police officer's diagram of the accident does not include George's vehicle. He was not at the accident scene when the officer arrived because he took the passengers from Miller's vehicle to the hospital and returned to the accident scene later.

The police report does not indicate that the vehicles of George and Eastman had any contact or were anywhere near each other during the accident. According to his own statement, Eastman's vehicle was sideswiped by the eighteen wheeler and spun into the median. Eastman did not report any failure of George to take evasive action. The police officer's sketch of the accident scene indicates that Goodwin made contact with Eastman and two other vehicles before he "plowed" into the rear of Miller's vehicle. George's vehicle was traveling in front of Miller's vehicle, Miller tapped it in the rear, and George came to a stop on the roadway. George's vehicle was the last in the chain, and it did not hit any other vehicle.

There is no reasonable basis for Eastman's claim that George caused his damages by failing to take evasive action. Eastman alleges no facts concerning George's conduct, and his conclusory allegation in the complaint is not consistent with Eastman's statements to the police

officer or those of any other witnesses. Accordingly, there is no reasonable basis to predict that Eastman might be able to recover against George. Because George is improperly joined, there is diversity jurisdiction, and the motion to remand is denied.

New Orleans, Louisiana, this  27th day of July, 2006.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**